**No. 25-5314**                    **September Term, 2025**

**1:25-cv-00887-RCL**

**Filed On: October 6, 2025**

Michael Abramowitz, in his official capacity as
Director of Voice of America, et al.,

      Appellees

      v.

Kari Lake, in her official capacity as Senior
Advisor to the Acting CEO of the United
States Agency for Global Media, et al.,

      Appellants

      **BEFORE:**    Millett, Pillard, and Garcia, Circuit Judges

**O R D E R**

Upon consideration of the motion for stay pending appeal, the response thereto, and the reply, it is

**ORDERED** that the motion be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). In particular, they have not established that, absent a stay, they will suffer irreparable harm that is "both certain and great, actual and not theoretical, . . . and of such imminence that there is a clear and present need for equitable relief to prevent [it]." Mexichem Specialty Resins, Inc. v. EPA, 787 F.3d 544, 555 (D.C. Cir. 2015) (internal quotation marks omitted).

As appellants note, Mot. 24, the Supreme Court held in granting a stay application on its interim docket that "the Government faces a greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform [his] duty." Trump v. Boyle, 145 S. Ct. 2653, 2654 (2025) (quoting Trump v. Wilcox, 145 S. Ct. 1415, 1415 (2025)). That judgment rests in part on recognition of "the disruptive effect of the repeated removal and reinstatement of officers," Wilcox, 145 S. Ct. at 1415, and it "inform[s] how [we] should exercise [our] equitable discretion in like cases," Boyle, 145 S. Ct. at 2654.

This is not a like case. Appellee Michael Abramowitz remains on administrative

leave pursuant to Executive action not at issue in this appeal.  He is consequently not "exercising the executive power," Wilcox, 145 S. Ct. at 1415, and denying a stay does not change that.  For a similar reason, denying the stay will not have "disruptive effect[s] . . . during the pendency of this litigation," id., as the parties agree that appellants can appoint an Acting Director of Voice of America to fulfill the duties of the position in the interim, Opp. 22 (quoting Gov't Opp. to Mot. for Partial Summary Judgment (ECF No. 65) at 7).

Appellants nonetheless assert that Abramowitz's "continued occupation of the Director role—even just on paper—prevents the Executive from appointing a replacement."  Mot. 25.  That is incorrect.  The Director of Voice of America is an inferior officer, and neither the President nor the CEO of the U.S. Agency for Global Media may remove or appoint anyone to that position without majority approval of the International Broadcasting Advisory Board, 22 U.S.C. § 6205(e), a separate Executive Branch agency that has been inquorate since January 2025.  Permitting appellants to remove Abramowitz from office during the pendency of this litigation would therefore not enable the President to appoint a replacement until the President nominates, and the Senate confirms, new members of the Board.  See id. § 6205(b)(1), (c); cf. Aviel v. Gor, No. 25-5105, 2025 WL 1600446, at *1 (D.C. Cir. June 5, 2025) (Katsas, J., concurring in denial of stay).  This order does not prevent appellants from renewing their stay request in the event those circumstances change.

Where a preliminary injunction against removal of an officer neither permits him, in substance, to exercise any part of the Executive power, nor otherwise threatens to disrupt the proper functioning of the Executive Branch, the Government does not face the "risk of harm" the Supreme Court has identified in support of staying injunctions while litigation progresses.  Boyle, 145 S. Ct. at 2654; Wilcox, 145 S. Ct. at 1415.  Because "a showing of irreparable harm is a necessary prerequisite for a stay," appellants' failure to demonstrate such harm is thus "fatal to [their] request."  KalshiEX LLC v. CFTC, 119 F.4th 58, 64 (D.C. Cir. 2024).

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:    /s/
Elbert Lestrade
Deputy Clerk